NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10069 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00364-JMS-1 |
| v. | |
| TALOA LATU, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Argued and Submitted July 7, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Taloa Latu appeals his conviction and sentence for assault resulting in

serious bodily injury under 18 U.S.C. § 113(a)(6). Latu attacked another inmate,

Joseph Yamaguchi, while incarcerated at the Federal Detention Center in Honolulu

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

on September 11, 2016.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a), and we affirm.[1]

1. The district court did not plainly err in instructing the jury that "'[s]erious

bodily injury' means bodily injury that involves (1) extreme physical pain; or (2)

protracted loss or impairment of the function of a body part or organ."  The district

court's instruction included two of the alternative ways of showing serious bodily

injury listed in 18 U.S.C. § 1365(h)(3).  *See* 18 U.S.C. § 113(a)(6), (b)(2)

(incorporating section 1365(h)'s definition of serious bodily injury).  Because the

government could meet its burden by establishing either one of those alternatives,

the district court's instruction was neither legally inadequate nor misleading.  *See*

*Mathis v. United States*, 579 U.S. 500, 506 (2016) (explaining that statutory

alternatives are a "kind of list [that] merely specifies diverse means of satisfying a

single element of a single crime—or, otherwise said, spells out various factual

ways of committing some component of the offense—a jury need not find . . . any

particular item.").  Therefore, the instruction was not plainly erroneous.  *See*

*United States v. Rodriguez*, 971 F.3d 1005, 1012 (9th Cir. 2020) ("An unpreserved

objection is subject to plain error review.").

2. Latu argues that his conviction was not supported by sufficient evidence.

---

[1] We address Latu's challenge to the admission of Yamaguchi's statements made to medical providers in a separate opinion filed concurrently with this disposition.

2

First, Latu argues that there was insufficient evidence that he caused the injuries for which Yamaguchi sought medical assistance an hour and twenty-five minutes after the attack. However, the video recording of the incident shows Latu repeatedly punching and kicking Yamaguchi in a manner consistent with Yamaguchi's injuries, and it shows Yamaguchi limping away from the scene with a bloodstained shirt. Yamaguchi also told Nurse Chi and Dr. Michino that his injuries were caused by an assault. Considered in the light most favorable to the prosecution, any rational trier of fact could conclude from this evidence that Latu's attack caused Yamaguchi's injuries. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (setting forth test for evaluating sufficiency of the evidence). Although Latu points to a phone conversation Yamaguchi had between being attacked and seeking medical help, neither that nor any other arguably exculpatory evidence merits reversal in this case because the government need not "rule out every hypothesis except that of guilty beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

Second, Latu argues that Yamaguchi's injuries were not sufficiently serious as a matter of law to constitute serious bodily injury under 18 U.S.C. § 113(a)(6). As discussed above, the jury was instructed that it could find serious bodily injury if Yamaguchi suffered "(1) extreme physical pain; or (2) protracted loss or impairment of the function of a body part or organ." *Cf.* 18 U.S.C.

§ 1365(h)(3)(B), (D). Sufficient evidence supported the jury's finding of serious bodily injury under either alternative. As to extreme physical pain, Yamaguchi stated to Nurse Chi that his pain level was an eight out of ten, his pain was treated with oxycodone for around two weeks, and Dr. Yost testified that patients find broken ribs to be painful. As to protracted impairment, Yamaguchi sustained a broken jaw, which had to be wired shut for weeks, and his broken ribs made it difficult to breathe properly. Taking this evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that Yamaguchi suffered serious bodily injury. *See Nevils*, 598 F.3d at 1164; *see also United States v. Mejia-Luna*, 562 F.3d 1215, 1222 (9th Cir. 2009) ("We have long held that 'the existence and definition of serious bodily injury in a given case is primarily a jury question dependent upon an evaluation of all the circumstances of the injury or injuries.'" (citation omitted)).

3. Latu finally argues that his sentence of ninety-six months' imprisonment was substantively unreasonable. We disagree. Latu's Guidelines range was sixty-three to seventy-eight months. The district court varied upwards after concluding that a sentence within the Guidelines range would be insufficient to accomplish the goals of sentencing as set forth in 18 U.S.C. § 3553(a). The district court pointed to several factors warranting an above-Guidelines sentence, including that the offense conduct was "premeditate[d]" and "very, very disturbing," that Latu's

4

criminal history reflected a pattern of similar violence that made Latu a danger to others and likely to re-offend, and that the assault took place within the "combustible" environment of a prison. Because each of these considerations was supported by the record and supported an above-Guidelines sentence, the district court's upward variance was not an abuse of discretion and Latu's sentence was reasonable. *See United States v. Carty*, 520 F.3d 984, 990-94 (9th Cir. 2008) (en banc) (explaining framework for reviewing substantive reasonableness).

**AFFIRMED.**